# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| GORDIUM INNOVATIONS LLC,<br><br>        Plaintiff,<br><br>v.<br><br>TRANSITION NETWORKS, INC.<br>        Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF GORDIUM INNOVATIONS LLC'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Gordium Innovations LLC, for its Complaint against Defendant Transition Networks, Inc., alleges the following:

### NATURE OF THE ACTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, *et seq*.

### THE PARTIES

2. Plaintiff Gordium is a limited liability company organized under the laws of the State of Texas with its principal place of business at 106 Fannin Avenue, Round Rock, TX 78664-5219.

3. Defendant Transition Networks, Inc. and its affiliated companies ("Transition Networks") is a corporation organized under the laws of the State of Minnesota with its principal place of business at 10900 Red Circle Drive, Minnetonka, Minnesota 55343.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

5. Upon information and belief, Defendant regularly conducts business in this judicial district and has committed acts of patent infringement in this judicial district including, *inter alia*, selling and offering to sell infringing products and services in this judicial district.

6. Upon information and belief, Defendant has ongoing and systematic contacts with this judicial district and the United States.  In particular, Defendant is incorporated in Minnesota with a principal place of business located in this judicial district.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,697,385

8. The allegations set forth in the foregoing paragraphs 1 through 7 are incorporated into this First Claim for Relief.

9. On February 24, 2004, U.S. Patent No. 6,697,385, entitled "Circuit(s), Method(s) and Architecture for Configurable Packet Re-timing in Network Repeater Hubs," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '385 Patent is attached as Exhibit A to this Complaint.

10. Gordium is the assignee and owner of the right, title and interest in and to the '385 Patent, including the right to assert all causes of action arising under said patent and the right to any remedies for infringement of it.

11. In violation of 35 U.S.C. § 271, Defendant has directly infringed and continues to directly infringe, including under the doctrine of equivalents, the '385 Patent by making, using, selling and/or offering for sale in the United States, including in this Judicial District, networking

devices providing data prioritization features as claimed in one or more claims of the '385 Patent ("the Accused Products and Services"), without the authority of Gordium.

12. The Accused Products and Services include, but are not limited to, the C2220 Series; C3210 Series; C322x; C323x; CBFFG10xx-1xx; CFBRM10xx-1xx; CGFEB1040-140 & CGFEB4040-180; CGFEB10xx-12x; CGFEB1xxx-15x & CGFEB1x40-170; CGFEB1xxx-15x & CGFEB1x40-170; INDURA™; MIL-SM24T4DPA; MIL-SM24TAF4GPA; MIL-SM800P; MIL-SM8DPA; MIL-SM8TXAF2GPA; MIL-SW8T1GPA; PacketBand-TDM Series; S2220 Series; S2250 & S3250; S322x; S323x; S3240; S3280; S3280-TST Series; S4140; S4212; S4224; S8TXATA; SBFFG10xx-1xx; SFBRM10xx-1xx; SISGM1040-244-LRT; SISGM1040-262x-LR(x); SISPM1040-182D-LRx; SISPM1040-384-LRT; SISTM101x-1xx-LRx; SISTM1040-262X-LRT; SM10T2DPA; SM24-1000SFP-AH; SM24-100SFP-AH; SM24DPA; SM24TAT4GPA; SM24TAT4XA; SM4T4DPA; SM8T2DPA; SM8TAF2DPA; and SM8TAT2DPA product families.

13. Gordium provided actual notice to Defendant of its infringement of the '385 Patent in a letter sent by certified mail on July 16, 2012.

14. Defendant has had actual knowledge of the '385 Patent and its infringement of that patent since at least the date that it received the July 16, 2012 letter.

15. Upon information and belief, Defendant has committed and continues to commit acts of contributory infringement of one or more claims of the '385 patent under 35 U.S.C. § 271(c) by selling, offering to sell, and/or importing products including the Accused Products and Services, knowing, at least as of the date it received Gordium's July 16, 2012 letter, or willfully blind to the fact that these products and service constitute a material part of the invention, were

especially made or especially adapted for use in an infringement of the '385 Patent, and have no substantial non-infringing uses.

16. Upon information and belief, since at least the date it received the notice letter from Gordium notifying Defendant that its products and services infringed the '385 Patent, Defendant has induced and continues to induce others to infringe one or more claims of the '385 Patent under 35 U.S.C. § 271(b) by, among other things, with specific intent, actively and knowingly aiding and abetting others to infringe, including, but not limited to, Defendant's customers whose use of the Accused Products and Services constitutes direct infringement of one or more claims of the '385 Patent.  In particular, Defendant acted with specific intent to make others, such as its customers, infringe by advertising and selling the products and providing instruction manuals showing infringing uses of the products and services.  On information and belief, Defendant engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '385 Patent and that its acts were inducing its customers to infringe the '385 Patent since at least the date it received the notice letter from Gordium notifying Defendant that its products and services infringed the '385 Patent.

17. Gordium has been harmed by Defendant's infringing activities.

18. Gordium provided notice of infringement of the '385 Patent by way of its July 16, 2012 letter, but Defendant thereafter continued to infringe the patent.  On information and belief, Defendant's infringement has been and continues to be willful.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 3-6(a), Gordium demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Gordium respectfully requests that this Court enter judgment for Gordium and against each Defendant as follows:

A. an adjudication that Defendant has infringed the '385 patent;

B. an award of damages to be paid by Defendant adequate to compensate Gordium for Defendant's past infringement of the '385 patent and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C. an order that Defendant pay an ongoing royalty in an amount to be determined for any continued infringement after the date judgment is entered;

D. a declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E. an award of treble damages under 35 U.S.C. § 284;

F. an award to Gordium of such further relief at law or in equity as the Court deems just and proper.

Dated:  July 31, 2014                    Respectfully submitted,

*/s/David P. Swenson*
David P. Swenson
FARNEY DANIELS PC
100 North Sixth Street, Suite 445A
Minneapolis, MN 55403
Tel: (612) 424-9220
Fax: (612) 424-9230
Email: dswenson@farneydaniels.com

**Attorneys for Plaintiff**
**Gordium Innovations LLC**